UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEASHORE ASPHALT CORPORATION and SOUTH STATE MATERIALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL A. PIGLIACELLI,<br><br>Defendant. | Civil Action<br>No. 21-11920 (CPO)<br><br>**OPINION** |

**Appearances:**

Colin Geoffrey Bell
John F. Palladino
Kevin James Balistreri
Hankin Sandman Palladino Weintrob & Bell, P.C.
30 S. New York Avenue
Atlantic City, NJ 08401

    *On behalf of Plaintiffs Seashore Asphalt Corporation and South State Materials, LLC.*


Stephanie Resnick
John Cornell Fuller
Fox Rothschild, LLP
2000 Market Street
Tenth Floor
Philadelphia, Pa 19103

    *On behalf of Defendant Daniel A. Pigliacelli.*

**O'HEARN, District Judge.**

## INTRODUCTION

Pending before the Court is a Motion to Dismiss (ECF No. 3) filed by Daniel A. Pigliacelli ("Defendant"), arguing that the Second Amended Complaint (ECF No. 3-3) filed by Seashore Asphalt Corporation ("Seashore") and South State Materials, LLC ("South State"), collectively ("Plaintiffs"), should be dismissed on two grounds: (i) failure to join a necessary and indispensable party required by Federal Rule of Civil Procedure 19 ("Rule 19"), and (ii) failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court will **GRANT** Defendant's Motion.

### I.   PROCEDURAL HISTORY[1]

Plaintiffs filed their initial Complaint on January 21, 2021 in the Superior Court of New Jersey, Atlantic County, naming Advanced Pavement Group ("Advanced") as the sole defendant and alleging five contract-based claims. (ECF No. 3-4); Complaint LCV2021159136, *Seashore Asphalt Corp. v. Advanced Pavement*, ATL L-000192-21 (Law Div. Feb. 18, 2021). According to the Affidavit of Service filed by Plaintiffs' counsel, Plaintiffs successfully effected service on Advanced on February 3, 2021. Affidavit of Service LCV2021383494, *Seashore Asphalt*, ATL L-000192-21; Certification of Service in Request for Default LCV2021534301, *Seashore Asphalt*,

---

[1] On a motion to dismiss, courts may consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). In this case, the Court has considered the State court pleadings filed prior to removal of this matter. *See Korotki v. Levenson*, No. 20-11050, 2021 WL 2650775, at *3 (D.N.J. June 28, 2021) (finding that "[t]his Court may take judicial notice of the state filings because they are matters of public record" and consider them without converting a motion to dismiss to a motion for summary judgment).

ATL L-000192-21. On February 8, 2021, Plaintiffs amended their Complaint to add Advanced employee Suzanne Talalaj as a defendant, and two additional claims of common law fraud and equitable fraud. (ECF No. 3-5); Amended Complaint LCV2021291860, *Seashore Asphalt*, ATL L-000192-21.

Since Advanced did not respond to the Complaint, Plaintiffs requested and received Default against it on March 11, 2021. Request for Default LCV2021534301, *Seashore Asphalt*, ATL L-000192-21; Entry of Default LCV2021541254, *Seashore Asphalt*, ATL L-000192-21. Plaintiffs then filed a Motion for Default Judgment on March 16, 2021. Motion for Default Judgment LCV2021566511, *Seashore Asphalt*, ATL L-000192-21. Before the Motion for Default Judgment was decided, on or about March 24, 2021, Advanced filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. (Sec. Am. Compl., ECF No. 3-3 ¶ 22). Seven days later, on March 31, 2022, Plaintiffs withdrew their pending Motion for Default. Withdrawal of Motion LCV2021844569, *Seashore Asphalt*, ATL L-000192-21. On April 15, 2021 Plaintiffs submitted a proof of claim with the Bankruptcy Court.[2] Four days later, Plaintiffs voluntarily dismissed their claims against Advanced and Talalaj, (ECF Nos. 3-6; 3-7), and filed a Second Amended Complaint naming Defendant as the sole defendant, (ECF No. 3-3). The State Court issued a Standard Order

---

[2] Despite the fact that the proof of claim was filed in the Bankruptcy Court, Plaintiffs did not include that information in their Complaint nor did they disclose this information in thier Brief in Opposition to the Motion to Dismiss. Rather, this fact was disclosed to the Court for the first time at argument on January 24, 2022. Plaintiffs' counsel, in response to questioning by the Court, advised the proof of claim was still pending and unadjudicated. L. Civ. R. 11.1 specifically requires that the "initial pleading, motion or other paper of any party filed in any case in this Court, . . . shall be accompanied by a certification or other document complying with 28 U.S.C. § 1746 as to whether the matter in controversy is the subject of any other action pending in any other pending arbitration or administrative proceeding, and, if so, the certification or other authorized document shall identify each such action, arbitration or administrative proceeding, and all parties thereto." Plaintiffs' counsel failed to comply with L. Civ. R. 11.1 by not disclosing the pending claim in the Bankruptcy Court.

dismissing the claims against Advanced absent relief from the bankruptcy stay on April 27, 2021. Civil Action Order Disposition On Account of Bankruptcy Proceeding LCV20211066391, Seashore Asphalt, ATL L-000192-21.

Plaintiffs served Defendant with the Second Amended Complaint on May 2, 2021, (ECF No. 3-8), and on May 31, 2021, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, ECF No. 1).

Defendant filed a Motion to Dismiss Plaintiffs' Second Amended Complaint for Failure to Join a Necessary Party and Failure to State a Claim. (ECF No. 3-1). In Plaintiffs' response, they state that they will agree to withdraw three claims, Breach of Contract (Count I), Book Account (Count II), and Quantum Meruit/Unjust Enrichment (Count III) against Defendant without prejudice but oppose dismissal of the other claims. (Pla. Resp. Br., ECF No. 10 at 9).

## II.      FACTUAL BACKGROUND[3]

Plaintiffs Seashore and South State are in the business of supplying and delivering paving materials. (Sec. Am. Compl., ECF No. 3-3 ¶ 7). On or about March 27, 2020, Plaintiffs entered into a contract with Advanced to provide paving materials and supplies on credit. (Sec. Am. Compl., ECF No. 3-3 ¶ 11). Defendant is, or was at times relevant to this case, acting as Vice President of the Delaware Valley Division of Advanced. (Sec. Am. Compl., ECF No. 3-3 ¶ 4).

Plaintiffs subsequently delivered materials to Advanced under the terms of the contract but allege that Advanced refused to pay despite a demand from Plaintiffs. (Sec. Am. Compl., ECF No. 3-3 ¶¶ 15-17). At the time Plaintiffs filed their Complaint, they claimed an outstanding debt of

---

[3] Since the Motion before the Court is under Rule 12(b)(7), the Court accepts the factual allegations in the Second Amended Complaint as true and will view all facts in the light most favorable to Plaintiffs as the non-moving party. *Disabled in Action v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011).

4

$240,923.31 owed to Seashore and, and $174,953.93 owed to South State (Sec. Am. Compl., ECF No. 3-3 ¶¶ 16-17).

Among the supplies purchased by Advanced were paving materials totaling $63,393.18 procured for a public works project in Dennis Township, New Jersey, known as the Dennis Township Bikeway ("the Dennis Project"). (Sec. Am. Compl., ECF No. 3-3 ¶ 24). The materials were delivered on September 23, 2020 and October 9, 2020 but Advanced did not make any payments. (Sec. Am. Compl., ECF No. 3-3 ¶¶ 25, 30). At the direction of Defendant, Advanced employee Suzanne Talalaj executed a Subcontractor Partial Release of Lien and Waiver ("Partial Release") on November 12, 2020 informing the general contractor, Lindemon Contracting, LLC ("Lindemon") and Dennis Township that Advanced had "**paid in full** all persons, firms, associations, or other entities furnishing labor, material, equipment or supplies to [Advanced] in connection with the project . . . ." (Sec. Am. Compl., ECF No. 3-3 ¶¶ 28-31 (emphasis in original)). As a result, Advanced was paid in full by Lindemon and Dennis Township but Plaintiffs never received payment for the materials delivered. (Sec. Am. Compl., ECF No. 3-3 ¶¶ 56, 58, 63).

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss an action for failure to join an indispensable party under Rule 19. The Rule 19 analysis is three-fold, the first inquiry being whether the party is "necessary," then if joinder of the party is "feasible," and finally, whether the party is "indispensable." F.R.C.P. 19; *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). If joinder of a necessary party is not feasible, and the court finds the absent party indispensable, the action must be dismissed. *US Tech Sols., Inc. v. eTeam, Inc.*, No. 17-1107, 2017 WL 3535022, at *2 (D.N.J. Aug. 16, 2017). The moving party bears the

5

burden of showing that the absent party is both necessary and indispensable under Rule 19. *Disabled in Action v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011)).

## IV. DISCUSSION

The Court concludes, first, that Advanced is a necessary party to this action pursuant to Rule 19(a), and second, that its joinder is not feasible. Finally, after balancing the relevant factors, the Court concludes that Advanced is an indispensable party under Rule 19(b) and will therefore **GRANT** Defendant's Motion to Dismiss pursuant to Rule 12(b)(7).

### A. Advanced is a Necessary Party Under Rule 19(a)

With Plaintiffs' agreement to dismiss Counts I-III[4], the Court evaluates the necessity of Advanced as a party only as it relates to the remaining claims under the New Jersey Prompt Payment Act, N.J.S.A. 2A:30A-1 et seq. ("PPA") (Count IV), New Jersey Construction Trust Fund Act, N.J.S.A. 2A:44-148 ("CTFA") (Count V), common law fraud (Count VI), and equitable fraud (Count VII). The Court evaluates, first, whether the remaining claims are contractual in nature because controlling caselaw requires all contracting parties to be joined, and, second, whether Advanced is a necessary party even if Plaintiffs attempt to bring their claims against Defendant under a "participation theory." The Court finds that all four remaining claims are based in contract since judgment cannot be rendered without first determining if Advanced breached its contractual

---

[4] Plaintiffs state they agree to withdraw or dismiss these claims without prejudice. Defendant does not agree to a dismissal without prejudice. Plaintiffs have pled no facts to state a claim Breach of Contract (Count I), Book Account (Count II), and Quantum Meruit/Unjust Enrichment (Count III) against Defendant. Now faced with a Motion to Dismiss by Defendant, the Court sees, and Plaintiffs have provided, no factual or legal basis to dismiss these claims without prejudice. In addition, during argument Plaintiffs' counsel could not articulate any facts which could be pled in an amended pleading so as to state a claim against Defendant for these Counts. Thus, a dismissal without prejudice and leave to amend would be futile. As such, they will be dismissed with prejudice.

obligations. It further concludes that Plaintiffs' use of participation theory does not relieve them of their obligation to join Advanced as a necessary party under Rule 19(a).

Rule 19(a) requires this Court to "ask first whether complete relief can be accorded to the parties to the action in the absence of the unjoined party." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993) (citing F.R.C.P. 19(a)(1)). Courts have consistently found that all parties to a contract must be joined to provide full relief and prevent piecemeal or repetitive litigation. *Caribbean Telecomms. Ltd. v. Guyana Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 532 (D.N.J. 2009) (first citing *Rosenzweig v. Brunswick Corp.*, No. 08-807, 2008 WL 3895485, at *6 (D.N.J. Aug. 20, 2008); then citing *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991)); *see also Fiscus v. Combus Fin. AG*, 2007 WL 4164388, at *15 (D.N.J. Nov. 20, 2007) (collecting cases that "support the proposition that 'a contracting party is the paradigm of an indispensable party'"). This rule is self-evident in breach of contract cases, but has also been extended to non-breach of contract cases where judgment cannot be rendered on other claims without first finding that a contracting party breached its obligation.

For example, in *Fiscus v. Combus Finance AG*, a plaintiff alleged breach of contract, fraud, negligence, and breach of fiduciary duty claims against three individual defendants and three corporate defendants. 2007 WL 4164388, at *1. The contract was signed by Defendant Flurin von Planta on behalf of Defendant Global Research AG, agreeing to purchase Plaintiffs' stocks, with Defendant Rolf Schnellmann acting as a "sales representative" during the transaction. *Id.* at *4–*5. Defendants von Planta and Global Research AG were dismissed from the case for lack of personal jurisdiction, and the remaining individual Defendant Schnellmann moved for dismissal

7

arguing that those parties were indispensable under Rule 19. *Id.* at *1, *11. In dismissing the breach of contract claims first, the Court noted that

> when a court is called upon to interpret the terms of a contract and to evaluate whether the parties to the contract have breached those terms or upheld their respective responsibilities, the absence of one or more of the parties exposes the absent party to precisely the kind of risks that Rule 19(a)(2)(i) empowers courts to guard against.

*Id.* at *5. The Court then considered whether the remaining fraud, negligence, and breach of fiduciary duty claims against Defendant Schnellmann could proceed. *Id.* at *16-*17. The Court held that since "finding that Global Research breached the [contract was] a necessary factual predicate to all of Plaintiff's remaining claims," Global Research was a necessary party to those claims as well. *Id.* at *17. The Court refused to determine the obligations and potential breach of contract of an absent party and dismissed all the remaining claims against Defendant Schnellmann. *Id.*

This case requires the Court to make the same evaluation: Plaintiffs concede the dismissal of the contract claims, but the question remains as to whether the remaining claims they characterize as tort and statutory claims can be adjudicated without a finding as to the breach of contract, or whether they first require a finding on the allegation of a breach of contract such that Advanced is a necessary party.

We begin with the statutory claims brought under the PPA and CTFA (Count IV and V). On a preliminary note, Plaintiffs seek to hold Defendant personally liable for violations of these statutes through the participation theory, and thus the Court will review the claims only through that lens.

Based on the language of the PPA and CTFA, as well as Plaintiffs' factual allegations, the core of the PPA and CTFA claims is that a contract was breached. Under the PPA,

8

> If a subcontractor [] has performed in accordance with the provisions of its contract . . . the prime contractor shall pay to its subcontractor . . . within 10 calendar days . . . the full amount received for the work of the subcontractor [] based on the work completed or the services rendered under the applicable contract.

N.J.S.A. § 2A:30A-2(b). As the factual basis of their PPA claim, Plaintiffs allege that "Advanced was paid in full by the owner . . . for the materials delivered by Plaintiffs," and "[a]s a result, the PPA required Advanced to pay Plaintiffs in full within ten (10) days of receiving payment." (Sec. Am. Compl., ECF No. 3-3 ¶ 56-57). "Advanced has failed to render such payment," and "[a]s a result . . . Advanced is 'liable for the of money owed under the contract." (Sec. Am. Compl., ECF No. 3-3 ¶ 58-59).

> Under the CTFA,
>
> All money paid by the state of New Jersey or . . . any county, . . . to any person pursuant to the provisions of any contract for any public improvement made between any such person and . . . any county, . . . shall constitute a trust fund in the hands of such person as such contractor, until all claims for labor, materials and other charges incurred in connection with the performance of such contract shall have been fully paid.

N.J.S.A. § 2A:44-148.[5] The facts that Plaintiffs allege as the basis of their CTFA claim are that "[o]n all public construction projects, all monies paid by a public agency to the contractor constitutes a trust fund in the hands of the contactor until such time as claims . . . of such contract are paid in full," and "the contractor has a fiduciary obligation to pay all sums due to its subcontractors and suppliers from the trust fund." (Sec. Am. Compl., ECF No. 3-3 ¶ 61–62). As a result of "Advanced fail[ing] to pay monies due and owing to Plaintiff[,]" both Advanced and

---

[5] Based on the allegations of the Second Amended Complaint, any claim under the CTFA would be limited to the Dennis Project as there are no allegations of fraud or the involvement of any public entity by Defendant related to any other allegedly owed monies. (Sec. Am. Compl., ECF No. 3-3 ¶ 60–65). During argument, Plaintiffs' counsel referred to other potential public projects that may trigger the CTFA, however, there are no facts pled in the Second Amended Complaint in that regard. Regardless, it is irrelevant to the outcome of this Motion.

Defendant, as an officer or agent of Advanced, breached their fiduciary duties to Plaintiffs. (Sec. Am. Compl., ECF No. 3-3 ¶ 63–65).

It is clear to the Court by the allegations of the Second Amended Complaint and the express language of the statutes that both statutory claims under the PPA and CTFA require a showing of Advanced's failure to carry out their obligations under their contract with Plaintiffs. In other words, absent Advanced's breach of contract, Plaintiffs would not have any claims against Defendant under either statute. Plaintiffs seem to concede this point by alleging facts that show Advanced's breach of contract. Plaintiffs' requested damages, the value of the breached contract and interest, are further evidence of the contractual nature of these claims. Because these claims cannot be separated from a finding of a breach of contract by Advanced, Rule 19 requires Advanced's presence to adjudicate the two statutory claims.

The use of participation theory, Plaintiffs' only avenue by which to hold Defendant personally liable, is not applicable for substantially the same reasons listed above: the injury to Plaintiffs in this case are directly and inextricably entwined with their contract with Advanced. Under participation theory, "a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort." *N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp.*, 515 F. App'x 176, 181 (3d Cir. 2013) (quoting *Saltiel v. GSI Consultants, Inc.,* 788 A.2d 268, 272 (2002)). While the New Jersey Supreme Court has stated "that claims of statutory violations fall within the scope of the participation theory," *Reliance*, 851 A.2d at 777 (citing *Saltiel*, 788 A.2d 268, 273), it has held that claims arising out of contractual duties do not create independent tort liability for individuals acting on behalf of a company. *Saltiel*, 788 A.2d at 281 (N.J. 2002) ("If, however, the breach of the corporation's duty to the plaintiff is determined to be governed by contract rather than tort principles, the participation

10

theory of tort liability is inapplicable.") *Id.* at 275-76; *see Reliance*, 851 A.2d at 777 (finding that the participation theory does apply because, despite the present of a contract, the "essence of the claim" arises from statute, and not from the contract). This Court has refused to permit parties to proceed under a participation theory when the core of case is contractual in nature and plaintiff is merely attempting to "enhance the benefit of the bargain' for which [Plaintiff] has contracted with various parties." *Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, No. 06-2996, 2011 WL 322370, at *2 (D.N.J. Jan. 31, 2011) (dismissing tort claims and rejecting "[Plaintiff]'s attempt to hold [Defendant] personally liable for tortious interference with prospective economic advantage in this quintessentially breach of contract action").

Thus, since the claims here are wholly based on the contract between Plaintiffs and Advanced, the participation theory is not applicable, and Advanced remains a necessary party to adjudicate the statutory claims.

Finally, the Court reviews the common law fraud and equitable fraud claims (Counts VI and VII) which follow essentially the same evaluation–so long as the breach of the contract "is a necessary factual predicate" to Plaintiffs' claims, the contracting parties are necessary. *Fiscus*, 2007 WL 4164388, at *5. The fraud claims are based on Defendant's participation in the execution of the Partial and Final Releases (collectively "Releases") and his knowledge that the releases were false. Since the Releases alleged that Plaintiffs had been paid, and their falsity is an element of the claim, the fact that Advanced breached its contract and did not pay Plaintiffs is a critical fact. Because the facts that create the necessary foundation for a fraud claim against Defendant are based upon Advanced's breach of contract, the Court concludes that the claims are contractual in nature and require the joinder of all contracting parties.

11

In conclusion, this Court cannot accord full relief to the Plaintiffs on the remaining claims without first deciding the issue of whether Advanced breached its contractual obligations to Plaintiff. Plaintiffs' reliance upon the participation theory is not applicable and therefore does not create a separate and independent tort claim that could be decided independent of a breach of contract claim. This is precisely the situation in which Rule 19 requires the joinder of parties such as Advanced.

### B. Joinder of Advanced is not Feasible

Having determined that Advanced is a necessary party, the Court next considers whether joinder is feasible. The joinder of a necessary party is compulsory if joinder is "feasible," that is, if a party "is subject to service of process and [if the party's] joinder will not deprive the court of subject-matter jurisdiction." F.R.C.P. 19(a)(1). Per the automatic stay provision of the Bankruptcy Act, a party who has filed for bankruptcy is insulated from service of process. 11 U.S.C. § 362(a)(1) ("[A] petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title.").

Since Advanced is presently involved in Chapter 7 Bankruptcy proceedings, *In Re Advanced Pavement Group, LLC f/k/a Advanced Pavement Group Corp.*, Case No. 21-10592, (Del. Bankr. Mar. 18, 2021), it is not subject to service of process and thus, joinder is not feasible. *Dale v. Abeshaus*, 2013 WL 5379384, at *16 n. 78 (E.D. Pa. Sept. 26, 2013).

The Court cannot overlook Plaintiffs' deliberate choice to not seek relief from the bankruptcy stay as contributing to the lack of feasibility to join Advanced in this case. When

confronted with the Civil Action Order Disposition On Account of Bankruptcy Proceeding, Plaintiffs had the opportunity to seek relief from the Bankruptcy stay in order to proceed with the matter in State Court and did not do so.[6] Rather, Plaintiffs chose to file a proof of claim in the Bankruptcy Court as to Advanced and leave Defendant as the sole defendant in this matter. As such, Plaintiffs are at least partly responsible for Advanced not being a party to the case at this point and the Court will not allow this factor to determine the outcome of this analysis.

### C. Advanced is an Indispensable Party Under Rule 19(b)

The final factor to be considered is whether a party is indispensable. The Court's evaluation of the Rule 19(b) factors lead it to conclude that Advanced is indeed an indispensable party. Thus, Plaintiffs' action must be dismissed as it would be improper to allow them to proceed against Defendant without Advanced's inclusion in this lawsuit.

Rule 19(b) requires courts to consider four factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

---

[6] The Order states:

> Unless the bankruptcy court has previously addressed the issue, any party making claim against the petitioner in bankruptcy must, within 60 days from the date of this order, file a formal application in the bankruptcy court to obtain permission to proceed with this matter, subject to any terms or conditions that the bankruptcy court may impose. . . . Failure of either the debtor and/or the party claiming against the debtor to follow the procedure outlined above shall be considered as a waiver of all rights to proceed under this caption.

Civil Action Order Disposition On Account of Bankruptcy Proceeding LCV20211066391, Seashore Asphalt, ATL L-000192-21.

The four "factors are to a certain extent overlapping, and they are not intended to exclude other considerations which may be applicable in particular situations." F.R.C.P. Rule 19, advisory committee's notes. "If the party is indispensable, the action [] cannot go forward." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d 1993). "It is well established that 'a contracting party is the paradigm of an indispensable party' for contract claims." *Caribbean Telecomms*, 594 F. Supp. 2d at 532 (first citing *Rosenzweig*, 2008 WL 3895485, at *6; then citing *Travelers Indem.*, 775 F. Supp. at 527).

As to the first factor, risk of prejudice, "[i]t is not necessary that any finding of liability on those companies' part in this action be binding to show prejudice to the absent party." *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 563 (M.D. Pa. 1982) (citing *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968)). "The practical prejudice exists to the absent party in the effect the case might have as precedent." *Id.* Since judgment as to the remaining claims against Defendant would require the Court to first determine whether Advanced breached its contract, *see supra* (V)(A), the result of this action, especially if the Court ruled against Defendant, would have the practical effect of prejudicing Advanced if Plaintiffs filed a subsequent breach of contract action against it. *See Fiscus*, 2007 WL 4164388, at *15 ("[I]t would be implausible to assume that a ruling by this Court that [an absent party] breached its contractual obligations to Plaintiff would not adversely impact [the absent party]'s interests in the event of a future lawsuit."). More importantly, in this case, Plaintiffs have already filed a proof of claim. Therefore, the first factor weighs in favor of dismissal.

With regard to the second factor, whether the judgment can be modified as an alternative to dismissal, the Court finds there are no means to reduce Advanced's potential prejudice. F.R.C.P. 19(b)(2). Plaintiffs' claims implicitly, but directly, allege Advanced's wrongdoing. The Court

14

cannot make a judgement on the claims before it without making critical and foundational findings of fact and legal conclusions of whether Advanced breached its contract with Plaintiffs. "Even if there were such a remedy, the Court anticipates that it would not: (1) 'be adequate to the plaintiff,' or (2) constitute 'an efficient use of judicial machinery.'" *Provident Tradesmen Bank & Trust Co.*, 390 U.S. at 112 and n.10. So long as Plaintiffs' claims require the adjudication of Advanced's legal obligations, the Court cannot modify a judgment to avoid potential future liability for Advanced, and thus, the second factor also weighs in favor of dismissal.

The third factor requires the Court to consider "whether a judgment rendered in the person's absence will be adequate," F.R.C.P. 19(b), specifically as it relates to the public's stake or the potential to "leave significant matters unadjudicated," *HB Gen. Corp. v. Manchester Partners*, 95 F.3d 1185, 1197 (3d Cir. 1996) (citing *Provident Tradesmen Bank*, 390 U.S. at 110). According to the Supreme Court, this third factor focuses on the interest of the courts and the public "in settling disputes in wholes, whenever possible. . . ." *Provident Tradesmen Bank & Trust Co.*, 390 U.S. 102, 111 (1968).

The Court finds the analysis of this factor particularly compelling as the current pending proof of claim in the Bankruptcy Court creates a very real risk of piecemeal litigation and potentially contradictory rulings. The result of the proof of claim and the claims at issue against Defendant involve almost exactly the same contracts, parties, rights, and damages sought. The effect of these two pending actions gives Plaintiffs two bites at the apple and creates a risk of inconsistent or double judgment. Further, if Plaintiffs are unsuccessful in Bankruptcy and attempt to bring a subsequent claim against Advanced, any such claim would be based on the same facts, use the same witnesses, and require an answer to the same legal question of whether Advanced

breached its contractual obligations to Plaintiffs. Judicial economy considerations, therefore, weigh in favor of dismissal in order to avoid inefficient, piecemeal litigation.

Finally, the fourth factor requires the Court to consider whether Plaintiffs "would have an adequate remedy if the action were dismissed for nonjoinder." F.R.C.P. 19(b)(4). "[T]he court should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible." F.R.C.P. 19(b), 1966 advisory committee notes. Neither "[t]he fact that there is an alternative forum in which comprehensive joinder can be effected" nor "[t]he absence of an alternative forum" are dispositive. *Wilson v. Can. Life Assur. Co.*, 2009 U.S. Dist. LEXIS 16714, at *36 (M.D. Pa.) (citing MOORE'S FEDERAL PRACTICE § 19042).

Advanced has an active bankruptcy proceeding in which Plaintiffs have a pending proof of claim. Plaintiffs advised the Court at argument that their proof of claim was still pending and unadjudicated as of the date of argument, January 24, 2022. Additionally, Plaintiffs can request relief from the bankruptcy stay to join Advanced as a party to pursue their claims. 11 U.S.C. § 362(d). Indeed, Advanced could have done so while Advanced was a party to the action pending in State Court. *See supra* note 6 and accompanying text. Instead, they lost their window of time to do so in the State Court action and initiated this claim against Defendant. While a remedy in the bankruptcy proceedings may not be preferrable to Plaintiffs, and may not be fully adequate in light of their claims, this factor is not dispositive particularly given Plaintiffs' decision to proceed against Advanced with a proof of claim and not seek relief from the Bankruptcy stay.

In conclusion, the Court finds the first three factors support dismissal, and, while the fourth factor likely does not, that factor is not dispositive nor does the Court afford it significant weight considering Plaintiffs' decision to file two actions at the same time, without disclosing the pending

proof of claim to this Court. "[I]n equity and good conscience," the Court cannot sanction Plaintiffs' attempt to circumvent the bankruptcy stay, and engage in piecemeal litigation. Therefore, the Court finds that the Rule 19(b) factors collectively weigh in favor of finding Advanced indispensable, and "in equity and good conscience" Plaintiffs' case cannot proceed absent Advanced. F.R.C.P. 19(b).

V.   **CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(7) for failure to join a necessary party under Rule 19. While the Court declines to address the merits of Defendant's Motion to Dismiss based on Failure to State a Claim as to Plaintiffs' claims of Violation of PPA (Count IV), Violation of CTFA (Count V), Common Law Fraud (Count VI), and Equitable Fraud (Count VII), it finds that there is no contract—or personal guarantee—alleged between Plaintiffs and Defendant nor are there any factual allegations to state a claim for Breach of Contract (Count I), Book Account (Count II), and Quantum Meruit/Unjust Enrichment (Count IV). The Court will therefore dismiss these claims with prejudice without further analysis. The remaining four claims, Violation of PPA (Count IV), Violation of CTFA (Count V), Common Law Fraud (Count VI), and Equitable Fraud (Count VII), will be dismissed without prejudice. An appropriate Order will be entered.

Date: January 27, 2022

                                                         /s/ *Christine P. O'Hearn*
                                                       **Christine P. O'Hearn**
                                                       **United States District Judge**